

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NOS. WR-91,936-03, -04, -05, -06

IN RE THE STATE OF TEXAS EX REL. KIM OGG, Relator

ON APPLICATIONS FOR WRITS OF MANDAMUS
IN THE 228TH DISTRICT COURT
FROM HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY, J., joined.**

The State seeks mandamus relief from a trial court's order compelling discovery of reports, maps, and power points made by investigators for the district attorney's office. I would grant relief because the discovery statute unambiguously exempts this material from discovery.

This case involves the prosecution of four Houston police officers. The defense sought discovery, including offense reports. The trial court ordered the State to turn over reports, maps, and power points made by investigators for the district attorney's office.[1] The trial court's theory was that the prosecutor's office was the investigating entity for the offenses at issue and, therefore, any reports made were "offense reports" subject to discovery:

---

[1] The Honorable Leslie Yates presided over the hearings on discovery. The elected judge, the Honorable Frank Aguilar, later orally adopted Judge Yates's ruling.

I don't think that it's fair to say that I should strictly construe [the discovery statute]. In fact, I think that the intent of the code would provide for a broad interpretation to be consistent with the intent of the Legislature.

...

I think that 39.14 contemplated that there were two separate things. There was an offense report by an agency and then separate investigation or work product by the prosecutor. Where the prosecutor's office has taken on the role of the agency that's investigating and charging the case, I think your investigator's report does become the offense report in this case; and other than perhaps notes from the attorneys or notes from the investigators, I am ordering that it be turned over.

The State sought mandamus in the court of appeals, and that court denied relief.[2]

To obtain mandamus relief, a party must show that (1) it lacks an adequate remedy at law, and (2) what it seeks to compel is ministerial, involving no discretion.[3] Because the State has no right to an interlocutory appeal of a trial court's order compelling discovery, it lacks an adequate remedy at law.[4]

The remaining question is the existence of a ministerial duty.

An act is ministerial, and therefore subject to mandamus, when the governing law is of such absolute clarity and certainty that nothing is left to the court's discretion, *i.e.*, when the law upon which relator relies is definite, unambiguous, and unquestionably applies to the indisputable facts of the case.[5]

---

[2] *See In re State ex rel. Ogg*, No. 01-20-00609-CR, 2021 WL 1679358 (Tex. App.—Houston [1st Dist.] April 29, 2021) (not designated for publication); *In re State ex rel. Ogg*, Nos. 01-20-00612-CR & 01-20-00617-CR, 2021 WL 1679363 (Tex. App.—Houston [1st Dist.] April 29, 2021) (not designated for publication); *In re State ex rel. Ogg*, Nos. 01-20-00644-CR, 01-20-00645-CR, & 01-20-00646-CR, 2021 WL 1679362 (Tex. App.—Houston [1st Dist.] April 29, 2021) (not designated for publication), *In re State ex rel. Ogg*, Nos. 01-20-00647-CR, 01-20-00648-CR, 01-20-00649-CR, & 01-20-00650-CR, 2021 WL 1679547 (Tex. App.—Houston [1st Dist.] April 29, 2021) (not designated for publication).

[3] *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021).

[4] *Id.* at 600.

[5] *Powell v. Hocker*, 516 S.W.3d 488, 495 (Tex. Crim. App. 2017) (internal quotation marks omitted).

Even an issue of first impression can give rise to a ministerial duty if a statute is unambiguous on the matter.[6]

> The discovery statute provides that the defense has a right to inspect and make copies of:

> any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers *but not including the work product of counsel for the state in the case and their investigators and their notes or report. . .*[7]

Under this provision, the work product of the investigators for counsel for the State is exempt from discovery, including any notes or reports that they may have prepared. The legislature could not have been more clear. But if that were not enough, in the same statute, the Legislature again expressed the breadth of the State's exemptions from discovery:

> The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state.[8]

The materials that are the subject of this dispute include not only the investigators' reports, but mapping and power points. All of this material falls unambiguously within the exemption in Article 39.14(a). The trial court's rationale for nevertheless requiring discovery is that the State, as opposed to a police department, was the investigating agency in this case. Even assuming that to be so, the explicit statutory exemption for work product of a prosecutor's investigators does not provide an exception for such a situation. The trial court's conclusion that the State loses the work-product privilege if it investigates a case has no basis in the law. The trial court had a ministerial duty to

---

[6] *In re Meza*, 611 S.W.3d 383, 389 (Tex. Crim. App. 2020).

[7] TEX. CODE CRIM. PROC. art. 39.14(a) (emphasis added).

[8] *Id.*

deny the request for these materials , and the court of appeals had a ministerial duty to order the trial court to rescind its order compelling their disclosure.[9]

I would grant relief.  Because the Court does not, I respectfully dissent.

Filed: September 15, 2021

Publish

---

[9]  The concurring opinion suggests that, because Article 39.14(h) requires the State to disclose *Brady* evidence, mandamus relief is not available here because the reports, mapping, and power points could include *Brady* evidence.  There is no allegation in this case that they do, but more importantly, if that were the law, mandamus relief would never be available when the State is ordered to disclose its work product.  This case is no different, in regard to Article 39.14(h), than a case investigated by the police.  Of course the State must disclose *Brady* evidence.  But if a trial court errs in ordering certain material disclosed, and the State is otherwise entitled to mandamus relief, the mere existence of Article 39.14(h) does not immunize the order from mandamus review.